IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LEE JOHN LEONARD                                                    PLAINTIFF

v.                                              CAUSE NO. 1:15CV213-LG-RHW

JACKSON COUNTY, MISSISSIPPI, ET AL.                      DEFENDANTS

MEMORANDUM OPINION AND ORDER
<u>GRANTING MOTION TO DISMISS</u>

**BEFORE THE COURT** is the Motion [9] to Dismiss All Claims of Plaintiff,
filed by Defendants James Michael Byrd, Jackson County, Mississippi, and Hope
Thornton.  Plaintiff Lee John Leonard has responded, and the Defendants have
replied.  The Court finds that Leonard's claims are untimely, and therefore will
grant Defendant's Motion and dismiss Leonard's claims.

BACKGROUND

Leonard complains that officials of his former employer, Jackson County,
Mississippi, investigated and attempted to prosecute him for child pornography
related crimes.  Leonard alleges that approximately one month after he resigned
from his position as a Sergeant with the Ocean Springs, Mississippi, Police
Department, he was arrested by Sheriff Byrd and imprisoned for thirty-three days.
When the case against him was presented to the Jackson County Grand Jury, it
returned a No True Bill as to all charges.  Leonard contends the charges were never
based on any evidence, but were instituted because of Sheriff's Byrd's personal
animosity against him.  He brings claims of violations of the First, Fourth, Fifth,
Sixth and Fourteenth Amendments based on his alleged wrongful arrest and

detention.  He denies having asserted any related state law claims.  (Pl. Resp. 3 (¶11), ECF No. 10).

The Defendants move for dismissal, arguing that it is apparent from the face of the Complaint that Leonard's claims are barred by the applicable statute of limitations.

DISCUSSION

A.  The Legal Standard

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege sufficient facts that, taken as true, state a claim that is plausible on its face." *Amacker v. Renaissance Asset Mgmt. LLC,* 657 F.3d 252, 254 (5th Cir. 2011).  "To survive a motion to dismiss, a complaint must contain ... factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  The complaint "does not need detailed factual allegations," but the facts alleged must "raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.,* 339 F.3d 359, 366 (5th Cir. 2003). "While the district court must accept as true all factual allegations in the complaint, it need not resolve unclear questions of law in favor of the plaintiff." *Kansa Reinsurance v. Cong. Mortg.,* 20 F.3d 1362, 1366 (5th Cir. 1994)

(internal citations omitted).

B.  Statute of Limitations

The parties do not dispute that the statute of limitations for Leonard's claims is three years.  "Because Congress has not specified a limitations period for section 1983 suits, in such cases 'federal courts borrow the forum state's general personal injury limitations period.'"  *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Piotrowski v. City of Houston,* 51 F.3d 512, 514 n. 5 (5th Cir. 1995)).  Under Mississippi law, the applicable limitations period is three years from the date the cause of action accrues.  Miss. Code Ann. § 15-1-49 ("All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.").

Leonard argues that his claims are timely, because they are brought pursuant to § 1983 and arise from a state court prosecution.  He contends that this type of claim does not accrue until the state court proceedings have terminated in the plaintiff's favor.  He notes that his claims were filed within three years of the July 2, 2012, entry of "No True Bill" in the charges against him.  Leonard contends that *Heck v. Humphrey* would have prevented him from filing this case before the grand jury no billed the charges, and therefore the statute of limitations ran from July 2, 2012.

In support of his argument that his claims are timely, Leonard cites *Lopez v. Unknown Galveston Police Officer #1*, No. G-06-0371, 2006 WL 3702895, at *6 (S.D. Tex. Dec. 13, 2006).  However, the 2006 *Lopez* opinion cites to *Price v. City of San*

*Antonio, Texas*, 431 F.3d 890 (5th Cir. 2006), which was abrogated by the Supreme Court's decision in *Wallace v. Kato*, 549 U.S. 384, 397 (2007). Specifically, the Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Id.* The *Lopez* court addressed that change in the law in a later order, and dismissed as untimely wrongful arrest and detention claims it had earlier held to be timely. *Lopez v. Unknown Galveston Police Officer No. 1*, No. G-06-0371, 2007 WL 1108736, at *6 (April 11, 2007).

This Court must likewise apply the accrual rule stated in *Wallace*: Leonard's § 1983 claims based on wrongful arrest and detention accrued on the date of his arrest and detention. *Reed v. Edwards*, 487 F. App'x 904, 905-06 (5th Cir. 2012) ("For false-arrest and false-imprisonment claims, the limitations period accrues when the plaintiff 'becomes held pursuant to [legal] process – when, for example, [s]he is bound over by a magistrate or arraigned on charges.'") (quoting *Wallace*, 549 U.S. at 589-90). That date was November 9, 2010, when Leonard was arrested and detained pursuant to a warrant. Leonard had three years from November 9, 2010, to file this lawsuit. As he filed his Complaint more than four years later, on July 2, 2015, the claims are untimely.

Leonard argues that *Heck v. Humphrey,* 512 U.S. 477 (1994), would have prevented him from filing his claims before the grand jury decided not to indict him. Although the Supreme Court did hold that a "§ 1983 cause of action or damages

attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence is invalidated," *Heck,* 512 U.S. at 486-87, "the *Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has not been . . . invalidated,' that is to say, an 'outstanding criminal judgment,'" *Wallace v. Kato,* 549 U.S. 384, 393 (2007).  There was no criminal judgment in this case.

The Court must also note that if Leonard is attempting to bring a claim under § 1983 that the prosecution was wrongful or malicious, it is well established that there is generally no constitutional right to be free from wrongful prosecution. *Castellano v. Fragozo*, 352 F.3d 939, 953 (5th Cir. 2003) ("[C]ausing charges to be filed without probable cause [does] not without more violate the Constitution."). For these reasons, the Defendants' Motion will be granted and Plaintiff's claims dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [9] to Dismiss All Claims of Plaintiff, filed by Defendants James Michael Byrd, Jackson County, Mississippi, and Hope Thornton, is **GRANTED**.  Plaintiff's claims are **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(6).

**SO ORDERED AND ADJUDGED** this the 18th day of November, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE